# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DIAMOND D. BLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-03532-CV-S-RK |
| | ) | |
| ROGER TERRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion to Vacate Plaintiff's In Forma Pauperis Status. (Doc. 98.) Defendants move the Court to apply the "three strike" rule of the Prison Litigation Reform Act ("PLRA") by vacating Plaintiff's in forma pauperis status and staying this proceeding until Plaintiff pays the filing fee and court costs in full. Upon review, the motion will be **DENIED**.

In his Second Amended Complaint (doc. 87), Plaintiff, a prisoner at the Jefferson City Correctional Center in Jefferson City, Missouri, has sued nine Missouri Department of Corrections employees for civil rights violations under 42 U.S.C. § 1983. Plaintiff was previously granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(b)(1). (Doc. 5.) However, the Court "may review and rescind in forma pauperis status at any time for any reason." Local Rule 83.7(f). The three strikes provision of the PLRA provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Defendants argue that Plaintiff's in forma pauperis status should be revoked because he has brought three previous cases while incarcerated that were dismissed either as frivolous or for failing to state a claim upon which relief can be granted. The third case cited by Defendants, *Blair v. United States of America*, case no. 4:14-cv-00167-DW, was a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence brought before this Court. Thus, the Court must

determine whether a dismissal of a section 2255 habeas motion counts as a strike under section 1915(g).

Although the Eight Circuit Court of Appeals has not addressed this specific issue, other circuits to consider the issue have reached the same conclusion, holding that dismissals of habeas petitions filed pursuant to sections 2254 or 2255 cannot constitute strikes for purposes of the PLRA. *See Jones v. Smith*, 720 F.3d 142, 146 (2nd Cir. 2013) ("dismissals of habeas petitions challenging the prisoner's conviction or the duration of his confinement should not be considered strikes for purposes of the PLRA."); *Mitchell v. Fed. Bureau of Prisons,* 587 F.3d 415, 418 (D.C. Cir. 2010) (habeas cases are not strikes); *Andrews v. King,* 398 F.3d 1113, 1122 (9th Cir. 2005) ("Congress intended § 1915(g) to address civil rights and prison condition cases, not habeas petitions."); *Paige v. Bacarisse*, 80 F. App'x 299, 300 (5th Cir. 2003); *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility,* 175 F.3d 775, 780 (10th Cir. 1999) (overruled on other grounds) ("the dismissal of a habeas corpus or § 2255 petition does not count as a strike for purposes of limiting *in forma pauperis* status under § 1915(g)."). Based on the foregoing authority, the Court finds that Plaintiff's prior section 2255 proceeding should not count as a strike under section 1915(g), and as a result, Defendants have failed to show three strikes against Plaintiff under the PLRA.

Accordingly, Defendants' Motion to Vacate Plaintiff's In Forma Pauperis Status (doc. 98) is **DENIED**.

IT IS SO ORDERED.

       s/ Roseann A. Ketchmark
       ROSEANN A. KETCHMARK, JUDGE
       UNITED STATES DISTRICT COURT

DATED: May 26, 2017