IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DIAMOND D. BLAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 6:15-03532-CV-S-RK |
| | ) |
| ROGER TERRY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' Trial Brief. (Doc. 190.) Defendants challenge Plaintiff's denial of due process claim against Defendant Roger Terry and his retaliatory discipline claim against Defendant Gerke. Upon consideration of the brief, Plaintiff's response (doc. 193), and the arguments of counsel at the outset of trial on January 29, 2018, the Court, construing Defendants' brief as a motion for partial judgment on the pleadings in favor of Defendants, **GRANTS** said motion as to Plaintiff's denial of due process claim. Plaintiff's claim against Defendant Gerke will be submitted to the jury.

Turning to the challenge to Plaintiff's due process claim, Defendants primarily argue that Plaintiff does not have a protected liberty interest concerning his placement in administrative segregation. The Court agrees.

"[T]o prevail on a Fourteenth Amendment due process claim, [Plaintiff] must first demonstrate that he was deprived of life, liberty or property by government action. Phillips v. Norris, 320 F.3d 844, 846 (8th Cir. 2003). Because Plaintiff, as a prison inmate, alleges he was deprived of a liberty interest (doc. 87 at ¶ 156), the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472 (1995) controls this case.

> In *Sandin*, the Supreme Court retreated from a line of cases in which it had examined prison regulations in detail to determine whether the regulations created constitutionally protected liberty interests by the use of language of an unmistakably mandatory character such that the incursion on liberty would not occur absent specified substantive predicates.

*Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996) (internal quotation marks omitted) (quoting *Sandin*, 515 U.S. 472, 480 (1995)) (other citation omitted).

The *Sandin* Court reworked the relevant inquiry and set forth the following test for determining liberty interests in a prison setting:

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

515 U.S. at 483-84 (citations omitted). Following *Sandin*, "to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citation omitted). Specifically, Plaintiff "must identify conditions that impose 'atypical or significant hardship . . . in relation to the ordinary incidents of prison life[.]'" *Ballinger v. Cedar Cty.*, 810 F.3d 557, 562 (8th Cir. 2016) (citations omitted).

As the basis for Plaintiff's due process claim, Plaintiff alleges that "Defendant Terry retained [him] in administrative segregation for a prolonged period of time[;]" and that "[n]o valid reason to retain Plaintiff in administrative segregation continued to subsist throughout the duration of the period in which Plaintiff was in administrative segregation." (Doc. 87 at ¶¶ 154-155.) However, the Eighth Circuit has "consistently held that a demotion to [administrative] segregation, even without cause, is not itself an atypical and significant hardship." *Id.* (citations and internal quotation marks omitted). Plaintiff concedes that he is not complaining about the conditions of his confinement in administrative segregation. He also does not dispute that the relevant period of his confinement to administrative segregation was approximately two months. The Court is not aware of, and Plaintiff has not cited to, any post-*Sandin* authority in this circuit which would support a protected liberty interest in absence of Plaintiff identifying conditions that impose atypical or significant hardship in relation to the ordinary incidents of prison life. Bound by the well-established Eighth Circuit precedent, the Court finds that Plaintiff has not sufficiently alleged that he has a protected liberty interest.

Therefore, it is

ORDERED Defendants' Trial Brief (doc. 190) construed as a partial motion for judgment on the pleadings in favor of Defendants is **GRANTED in part** as to Plaintiff's denial of due process claim against Defendant Roger Terry. In all other respects, the motion is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: January 31, 2018